CREECH & CREECH LLC
By: TIMOTHY P. CREECH, ESQ.
1835 Market St., Suite 2626
Philadelphia, PA 19103-3699
 (215) 575-7618                                              *Attorneys for Plaintiff,*
timothy@attorneycreech.com                       *Antonella R. Favit-VanPelt*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
**(Newark Vicinage)**

| | |
|---|---|
| ANTONELLA R. FAVIT-VANPELT<br>499 Mount Blue St.<br>Norwell, MA 02061<br><br>    Plaintiff,<br><br>  v.<br><br>REGIONAL INDUSTRIES, INC.<br>800 E. Grand St.,<br>Elizabeth, NJ  07201<br><br>    and<br><br>LUIS N. POLANCO<br>607 S. Park St.<br>Elizabeth, NJ 07206<br><br>    Defendants. | C.A. No: 2:17-cv-06909 |

## **COMPLAINT**

Plaintiff, Antonella R. Favit-VanPelt, by and through her undersigned attorneys, files the within Complaint and avers as follows:

**I.     PRELIMINARY STATEMENT**

1. On September 20, 2016, Plaintiff, Dr. Antonella R. Favit-VanPelt, M.D., Ph.D., was rear-ended by a garbage truck owned by Defendant Regional Industries and

operated by Defendant Luis N. Polanco on the corner of Morris and Lehigh Avenues in Union Township, NJ. This has caused Plaintiff grave injuries. On the day of the injury, Plaintiff, a world-renowned rare neurological disease expert, was travelling through Union, NJ, in her capacity as President and Chief Executive Officer of Thera Neuropharma, Inc. ("Thera"). Thera was developing a cutting edge treatment for Amyotrophic Lateral Sclerosis (a.k.a "ALS" or "Lou Gehrig's disease"). She exerted extraordinary efforts to continue her work for Thera, but her injuries have rendered those efforts in vain. She now finds not only her career, but her entire life to in shambles as a result of the injuries caused by Defendants' negligence. Plaintiff has severed severe, disabling and permanent injuries and is suffering great emotional distress.

**II.    PARTIES, JURISDICTION, VENUE**

2.     Plaintiff, Antonella R. Favit-VanPelt, is an adult individual who is domiciled at the above-captioned address.

3.     Defendant, Regional Industries, Inc., is a New Jersey Corporation with its principal place of business at the above-captioned address.

4.     Defendant, Luis N. Polanco is an adult individual who is domiciled at the above-captioned address.

5.     This Court has original jurisdiction over this matter based on 28 U.S.C. §1332 relating to the diversity of citizenship of the parties. The citizenship of the parties are of different states. The amount in controversy exceeds (exclusive of interest and costs) the sum of Seventy-Five Thousand Dollars ($75,000.00).

6. Venue is proper under 28 U.S.C. §1391(a)(2) as the collision in question took place in Union County, New Jersey.

### III. FACTS

7. On September 20, 2016, in the early afternoon, Plaintiff was lawfully operating her own 2015 Nissan Rogue, travelling east on Morris Avenue.  At or about 1:05pm, Plaintiff slowed at a yellow light, and then stopped at a red light on Morris Ave. where it intersects with Lehigh Ave. in Union Township, Union County, New Jersey.

8. Some moments later, while Plaintiff's vehicle remained stopped, and the light remained red, a garbage truck owned by Defendant Regional Industries, Inc. and operated by Defendant Luis N. Polanco slammed into the rear of Plaintiff's vehicle.

9. On impact, Plaintiff was violently thrust forward.  Plaintiff hit her forehead on the steering wheel, and her neck instantaneously snapped back into her seat.  The force of the collision was so great that it dislodged Plaintiff's seat.

10. Plaintiff felt immediate pain radiating down her spine from her neck to her lower back. The police arrived and took down her statements about the incident. On the scene, Plaintiff was examined by EMT and dismissed.

11. At the time of the accident, Plaintiff, a world-renowned rare neurological disease expert, was travelling through Union, NJ, in her capacity as President and Chief Executive Officer of Thera.

12. Plaintiff attempted to continue to perform her responsibilities for Thera. But throughout the day, her back and neck pain increased and she felt light headed and slightly confused.  The pain worsened significantly as the day went on.

13. The next day, Plaintiff, in excruciating pain, went to the emergency room for treatment. This was only the beginning of the horror of the injuries she suffered.

14. As the days passed, and as a result of Defendants' negligence, Plaintiff continued to experience great physical and emotional pain, including but not limited to piercing headaches, migraines, excruciating pain in her upper and lower back, and vocal cord injuries. These injuries impacted Plaintiff's life in significant ways, including but not limited to: inability to work; lost sleep; inability to walk for more than ten minutes; use of a wheelchair and the need for aid to move around; inability to climb the stairs of her house, requiring that she have a bed on the first floor; and other loss of the capacity to engage in endeavors and life's pleasures.

15. Over time, Plaintiff's headaches and migraines worsened. As months passed, the headaches and back pain only marginally improved. However, in May 2017, when Plaintiff traveled to California for work, her condition progressively worsened. Plaintiff experienced an excruciating episode of onset of sensory symptoms.

16. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered great pecuniary loss. By way of example, but in no way limiting the foregoing, Plaintiff was unable to discharge her responsibilities as President and CEO of Thera, and was forced to resign her position in February 2017. In addition, Plaintiff was unable to pursue contract opportunities as she had done for years prior to the injury. Instead, Plaintiff was forced to take work far below her what her qualifications and career ambitions allow. Plaintiff has been forced to take absences and to request work accommodations due to the injuries and pain caused by Defendants' negligence.

17. As a direct and proximate result of Defendants' negligence, Plaintiff suffered multiple injuries to the muscles, skin, nerves, tendons, ligaments, tissues, blood vessels and organs of her body, including but not limited to injuries to her head, brain, vocal cords, cervical spine, thoracic spine, lumbar spine, aggravation of preexisting conditions, and other secondary problems and complications.

18. As a direct and proximate result of Defendants' negligence, Plaintiff suffers continuing pain, mental anguish, humiliation, loss of sense of worth and well-being, inability to engage in her normal activities and inability to pursue the normal and ordinary pleasures of life.

19. As a direct and proximate result of Defendants' negligence, Plaintiff was, is and will be prevented from attending to her normal duties, occupations and avocations.

20. As a direct and proximate result of Defendants' negligence, Plaintiff has, continues to, and will in the future need medical treatment, including but not limited to hospitalization, consultations with her primary care physician and multiple specialists, physical therapy, rehabilitative care palliative care, injections, use of wheelchair, use of a cane, assistance in moving about and possible need for surgery.

21. The full extent of the Plaintiff's physical injuries, emotional harm, loss of income/earning capacity, and need for future medical care are not yet known.  It is known that Plaintiff has suffered permanent, debilitating injuries as a direct and proximate result of Defendants' negligence.

22. Plaintiff has suffered these and other injuries as will be adduced through the course of discovery and proven at trial.

## IV.   CAUSE OF ACTION

### COUNT ONE - NEGLIGENCE

23. Repeats and realleges paragraphs 1-22 as if set forth at length herein.

24. At the time of the above-described collision, Defendant Polanco was a servant and authorized agent and employee of Defendant Regional Industries, acting within the scope of his employment.

25. Defendant Regional Industries is vicariously liable for the negligence of its servant, Defendant Polanco.

26. The above-described collision was caused solely by the carelessness and negligence of Defendants and was in no manner due to any act or omission on the part of Plaintiff.

27. The collision was the result of the carelessness of Defendants, generally and in the following respects:

   a. Operating the motor vehicle at a high or excessive rate of speed under the circumstances;

   b. Failing to have the vehicle under proper and adequate control under the circumstances;

   c. Failing to keep a proper lookout;

   d. Failing to stop at a red light;

   e. Violating the applicable motor vehicle ordinances and statutes of the State of New Jersey;

   f. Improperly operating the motor vehicle in light of the existing traffic conditions; and

   g. Failing to use due care in operation of the motor vehicle.

28. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered injuries as stated above and incorporated herein by reference.

## V. CONCLUSION

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants for a sum in excess of $75,000.00, together with lawful interest and costs, and with such other relief as this Court deems just and proper.

Respectfully submitted,

CREECH & CREECH LLC

*/s/ Timothy P. Creech*
TIMOTHY P. CREECH

DATED: September 8, 2017